**HLD-173 (July 2010)**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2990
_____

In re: GARY RHINES, Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to: M.D. Pa. Crim. No. 01-cr-00310)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 30, 2010
Before:   MCKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges
Opinion filed October 6, 2010
_____

OPINION
_____

PER CURIAM.

        Petitioner Gary Rhines, a prisoner proceeding pro se, seeks a writ of

mandamus compelling the District Court to dismiss his 2001 indictment as

"jurisdictionally defective."   For the reasons that follow, we will deny the petition.

        In 2002, Gary Rhines was convicted of possession with intent to distribute

fifty grams of cocaine base.   He was sentenced to life imprisonment.   We affirmed the

conviction and sentence, see United States v. Rhines, 143 F. App'x 478 (3d Cir. 2005),

and the United States Supreme Court denied certiorari, see Rhines v. United States, 546 U.S. 1210 (2006). In January 2007, Rhines filed a motion pursuant to 28 U.S.C. § 2255. The District Court denied the motion, and this Court denied a certificate of appealability. (C.A. 07-2759, order entered on Oct. 15, 2007.) We also denied Rhines' application to file a second motion under 28 U.S.C. § 2255 on July 7, 2010. (C.A. 10-2438.)

Rhines filed this mandamus petition on July 7, 2010. He argues that the government improperly amended his 2001 indictment to include his prior convictions to seek an enhanced sentence. He further claims that the information regarding his prior drug-related convictions prejudiced the grand jury against him.

Mandamus is a drastic remedy available only in extraordinary cases, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). A writ is not a substitute for an appeal. In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). Rhines challenged his indictment and grand jury proceedings on direct appeal. We upheld the District Court's finding that his prior conviction was a proper ground upon which the government could seek to enhance his sentence. See Rhines, 143 F. App'x at 486. As such, he cannot demonstrate that he had no other means to obtain the desired relief, and he is not entitled to a writ of mandamus. Accordingly, the petition is denied. Rhines' motion for appointment of counsel is denied.

2