HLD-168 (May 2011)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1308
_____

GARY RHINES,
                                                Appellant
                        v.

RONNIE HOLT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-02225)
District Judge:  Honorable William J. Nealon

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
Before:  MCKEE, Chief Judge, ALDISERT and WEIS Circuit Judges
(Opinion filed: June 30, 2011)
_____

OPINION
_____

PER CURIAM.

        Gary Rhines was convicted of possession with intent to distribute fifty

grams of cocaine base and was sentenced to life in prison.  We affirmed the conviction

and sentence, United States v. Rhines, 143 F. App'x 478 (3d Cir. 2005), and the United

States Supreme Court denied certiorari, Rhines v. United States, 546 U.S. 1210 (2006).

Since then, Rhines has continued to challenge his conviction and sentence.  His motion

pursuant to 28 U.S.C. § 2255 was denied in 2007, and we denied a certificate of appealability. In 2010, we denied Rhines' application to file a second or successive §2255 motion (C.A. No. 10-2438), as well as a mandamus petition seeking the dismissal of his indictment (C.A. No. 10-2990). Recently, we denied his petition for a writ of error coram nobis. United States v. Rhines, No. 10-4077, 2011 U.S. App. LEXIS 6781 (3rd Cir. Apr. 4, 2011).

Rhines filed a pro se habeas petition pursuant to 28 U.S.C. § 2241 in the District Court in October 2010. He alleged that certain information in his pre-sentence report was erroneous, specifically that a prior state conviction should not have been used as a predicate offense to enhance his federal sentence because his counsel failed to file an appeal from that conviction. Rhines claimed that his custody level and eligibility for certain programs were adversely affected by the erroneous information and that he is "actually innocent" of the enhanced sentence due to counsel's ineffective assistance. He sought to have the information removed from his file. The District Court construed Rhines' request for removal of the information as an action under the Privacy Act, 5 U.S.C. § 552a, and denied it, concluding that the Bureau of Prisons had taken reasonable steps to ensure that Rhines' prison record was accurate. In addition, and to the extent Rhines was attempting to challenge his sentence, the District Court held that he could not proceed in a habeas petition under § 2241, but rather must bring the claim in a § 2255 motion. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. If no substantial

2

question is presented, we may summarily affirm the District Court's order on any ground supported by the record. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6; Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Rhines relied upon Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992), to argue that he was entitled to have the allegedly erroneous prior conviction removed from his prison record. In Sellers, an inmate sought damages from the Bureau of Prisons under the Privacy Act for failing to maintain accurate records and for making decisions adverse to him based on the inaccurate information. Sellers, 959 F.2d at 310. The court held in pertinent part that the Bureau of Prisons was required under the Privacy Act to take reasonable steps to maintain accurate information in inmate records, so long as the information was capable of being verified. Id. at 312. In this case, Rhines' objection to the information in his pre-sentence report was reviewed by a Supervising U.S. Probation Officer, who addressed his claims and confirmed that the challenged offense met the requirements to trigger an enhanced sentence. Although it is not clear that a claim seeking correction of a prison record can be brought pursuant to 28 U.S.C. 2241, we agree with the District Court's conclusion that the record shows that Rhines' claim lacks merit.[1]

We also agree that, to the extent Rhines is attempting to challenge his

---

[1] Rhines' action may also be foreclosed by regulation. See Skinner v. United States Dep't of Justice, 584 F. 3d 1093, 1096-97 (D.C. Cir. 2009), White v. United States Prob. Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998).

sentence, he cannot proceed in a § 2241 petition. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner may, however, challenge a conviction or sentence pursuant to § 2241 where a § 2255 motion would be "inadequate or ineffective," i.e., "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

Rhines has not made such a showing. He states in his habeas petition that the "information" regarding his prior state conviction "was not available during petitioner [sic] 2255 stage." Habeas Pet. at 4. Rhines apparently bases this assertion on a letter he received in 2010 from his lawyer in response to his request for the "transcripts" of his 1995 and 1996 state cases. But this correspondence does not explain how Rhines could not have previously discovered that appeals had not been filed many years ago in his state cases, or that those convictions had been used to enhance his federal sentence. Rhines could have raised his claim as to his sentence on direct appeal. The "safety valve" provided by § 2255(e) is a narrow one that applies only in rare situations, such as when a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed not criminal due to a change in the law. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Rhines has not demonstrated that his is such a rare situation.

4

There being no substantial question presented by this appeal, we will summarily affirm the District Court's order.  <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.