BLD-376                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1176
_____

UNITED STATES OF AMERICA

v.

GARY RHINES, a/k/a Derrick Upshaw, a/k/a
Gary R. Allen, a/k/a Robert Camby

Gary Rhines,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 4-01-cr-00310-001)
District Judge:  Honorable John E. Jones, III

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 11, 2016
Before:  KRAUSE, SCIRICA and FUENTES, <u>Circuit</u> <u>Judges</u>

(Filed: September 13, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Gary Rhines, a federal prisoner proceeding pro se, appeals from an order of the United States District Court for the Middle District of Pennsylvania denying his motion under 18 U.S.C. § 3582(c)(2) for a reduction in sentence. Because the appeal presents no substantial question, we will grant the Government's motion to summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In 2002, Rhines was convicted in federal court of possession with intent to distribute 50 grams of cocaine base. Because he had two prior convictions for felony drug offenses, he received a mandatory sentence of life in prison. We affirmed the conviction and sentence, United States v. Rhines, 143 F. App'x 478 (3d Cir. 2005), and the Supreme Court denied certiorari, Rhines v. United States, 546 U.S. 1210 (2006). Rhines' subsequent efforts to challenge his conviction have been unsuccessful.

In November 2014, Rhines filed in the District Court a motion under § 3582(c)(2), seeking to reduce his sentence based on Amendment 782 to the Sentencing Guidelines, which reduced by two the offense levels assigned to most drug quantities under U.S.S.G. § 2D1.1(c). See U.S.S.G. § 2D1.1(c) & app. C. supp., amends. 782, 788 (2014). The District Court denied the motion, and Rhines appealed.[1] The Government has moved for summary affirmance.

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Where the denial of relief under § 3582(c)(2) involves a legal question concerning eligibility, we review the District Court's decision de novo. See United States v. Sanchez, 562 F.3d 275, 277 (3d Cir. 2009). "By contrast, when the district court determines that a defendant is eligible for relief but declines to reduce his sentence, our review is for an abuse of discretion." United States v. Weatherspoon, 696 F.3d 416, 420 (3d Cir. 2012) (citing

We conclude that the District Court properly denied Rhines' motion for reduction of sentence based on Amendment 782.[2]  Generally, a district court cannot "modify a term of imprisonment once it has been imposed" unless a defendant is eligible for a reduction of sentence pursuant to § 3582(c).  Section 3582(c)(2) allows for a reduction if:  (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission;" and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013).  A reduction is not authorized under § 3582(c)(2) if the change to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10(a)(2)(B) & cmt. n.1(A).

As the Government explains, Amendment 782 does not have the effect of lowering Rhines' applicable guidelines range because he was not sentenced under the

Sanchez, 562 F.3d at 277 n.4).

[2] In the brief that Rhines filed in this Court, he argues that he is entitled to a sentence reduction under Amendment 759.  When the Sentencing Commission promulgated Amendment 750, which "reduced the crack-related offense levels in § 2D1.1 of the Guidelines," United States v. Berberena, 694 F.3d 514, 517-18 (3d Cir. 2012), it also promulgated Amendment 759, which made Amendment 750 retroactive.  See United States v. Ware, 694 F.3d 527, 531 (3d Cir. 2012).  We will not consider arguments raised for the first time on appeal.  See Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994) (issues raised for the first time on appeal will not be considered).  But in any event, Rhines is not entitled to relief based on Amendment 750 and 759 because, as explained below, his conviction resulted in a statutorily mandated life sentence.

guidelines.  Instead, it is clear from the sentencing transcript and our decision on direct appeal that Rhines' life sentence was mandated by statute.  See 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 851(a)(1).  Therefore, the District Court lacked authority to reduce Rhines' sentence under § 3582(c)(2).  See United States v. Ortiz-Vega, 744 F.3d 869, 873 (3d Cir. 2014) ("[I]f a defendant is subjected to a mandatory minimum, he or she would not be given a sentence 'based on a sentencing range that has subsequently been lowered.'").

For the foregoing reasons, we grant the Government's motion for summary affirmance and will affirm the District Court order denying Rhines' motion to reduce his sentence.