

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2008

# USA v. Rottschaefer

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1142

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Rottschaefer" (2008). *2008 Decisions.* Paper 1607.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1607

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS.  07-1142 & 07-1673

UNITED STATES OF AMERICA

v.

BERNARD ROTTSCHAEFER, M.D.,

Appellant

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Crim. Action No. 03-cr-00162-1)
District Judge:  Hon. Gary L. Lancaster

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2008

BEFORE:  SLOVITER, SMITH and STAPLETON, *Circuit Judges*

(Opinion Filed: February 13, 2008)

OPINION OF THE COURT

STAPLETON, <u>Circuit Judge</u>:

        Appellant Bernard Rottschaefer appeals the District Court's denial of his motion

for a new trial pursuant to Federal Rule of Criminal Procedure 33.  For the reasons stated

below, we will affirm.

## I.

Because we write only for the parties who are familiar with the factual context and procedural history of the case, we set forth only those facts necessary to our analysis.

On March 9, 2004, Rottschaefer was convicted of 153 counts of unlawful distribution of a controlled substance based on his practice of over-prescribing painkillers until his patients became addicted, and then demanding sexual favors in exchange for subsequent refills. In his instant motion, Rottschaefer argues that he is entitled to a new trial because the recent deposition testimony of his former patients proves that some of them had been suffering from medical conditions that merited the treatment that he provided. Further, he argues that he deserves a new trial because two former patients lied by testifying that they had not been promised leniency in exchange for their cooperation, an allegation he supports by the fact that these patients ultimately received lenient sentences on the charges that they were facing.

After considering these arguments, the District Court denied Rottschaefer's motion on December 29, 2006. This appeal followed.[1]

## II.

---

[1]Although this appeal was premature when it was filed on January 12, 2007, this defect was cured once the District Court entered the judgment of sentence on February 18, 2006. *E.g.*, *United States v. Cottman*, 142 F.3d 160, 164 n.5 (3d Cir. 1998); *United States v. Hashagen*, 816 F.2d 899, 901 (3d Cir. 1987). Our jurisdiction is therefore proper pursuant to 28 U.S.C. § 1291.

"Our case law makes clear that five requirements must be met before a trial court may grant a new trial on the basis of newly discovered evidence: (a) the evidence must be in fact newly discovered, i.e. discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal." *United States v. Saada*, 212 F.3d 210, 216 (3d Cir. 2000). Because "Rule 33 motions for a new trial are directed to the district court's discretion," our review is limited to "decid[ing] whether the trial judge abused that discretion or failed to exercise it." *United States v. Iannelli*, 528 F.2d 1290, 1292 (3d Cir. 1976).

What Rottschaefer offers as new evidence is in reality nothing more than cumulative impeachment evidence that is unlikely to produce an acquittal. Therefore, we agree with the District Court's conclusion:

> "Defendant was given ample opportunity to cross examine these witnesses and call their testimony into question, and he did so. Veracity of witnesses may not be tested for a second time. The testimony is merely cumulative and impeaching . . . . The overall circumstances, and evidence, of this case are such that regardless of what the patient witnesses may have told defendant about their symptoms, the prescriptions were not written for medical purposes. As such, defendant cannot satisfy the elements warranting a new trial based on newly discovered evidence."

*United States v. Rottschaefer*, No. CRIM 03-0162, 2006 WL 3840997, *2 (W.D. Pa. Dec. 29, 2006) (internal citations omitted).

3

By the same token, although it is well settled that a defendant's Due Process rights are violated when "(1) evidence was suppressed; (2) the evidence was favorable to the defense; and (3) the evidence was material to guilt or punishment," we agree with the District Court's conclusion that there is nothing in the record indicating that evidence was suppressed, as one "cannot infer from the fact that these two witnesses have now received leniency, that they had been promised leniency at the time of trial, but lied about it on the stand." *United States v. Risha*, 445 F.3d 298, 303 (3d Cir. 2006); *Rottschaefer*, 2006 WL 3840997, at *2.

Accordingly, Rottschaefer has not carried the "heavy burden" necessary to warrant a new trial pursuant to Rule 33. *Saada*, 212 F.3d at 216.

**III.**

For the reasons set forth above, we will affirm the District Court on all grounds.