**HLD-80**                                              **PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4077
_____

UNITED STATES OF AMERICA

v.

GARY RHINES, a/k/a DERRICK UPSHAW,
a/k/a GARY R. ALLEN, a/k/a ROBERY CAMBY,

Gary Rhines,
                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 01-cr-00310)
District Judge:  Honorable James F. McClure

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
January 31, 2011
Before:  MCKEE, *Chief Judge*, ALDISERT and WEIS *Circuit Judges*
(Opinion Filed:  April 4, 2011)
_____

Mr. Gary Rhines
Canaan USP
P.O. Box 300
Waymart, PA 18472
          *Pro Se Appellant*

Stephen R. Cerutti, II, Esq.
Office of the United States Attorney

228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108


Theodore B. Smith, III, Esq.
Office of the United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108
                    *Counsel for Appellee*

————

OPINION

————

PER CURIAM.

Gary Rhines, a prisoner proceeding pro se, appeals the District Court's order dismissing his petition for a writ of error coram nobis. Because the appeal does not present a substantial question, we will summarily affirm.

I.

Rhines was convicted of possession with intent to distribute fifty grams of cocaine base and was sentenced to life in prison. We affirmed the conviction and sentence, *see United States v. Rhines*, 143 F. App'x 478 (3d Cir. 2005), and the United States Supreme Court denied certiorari, *see Rhines v. United States*, 546 U.S. 1210 (2006). Since then, Rhines has continued to challenge his conviction and sentence. His motion pursuant to 28 U.S.C. § 2255 was denied in 2007, and we denied a certificate of appealability. In 2010, we denied Rhines' application to file a second or successive §2255 motion (C.A. No. 10-2438), as well as a mandamus petition seeking the dismissal

2

of his indictment (C.A. No. 10-2990).

Rhines filed a "Motion to Amend Title 28 U.S.C.A. § 1651(A) Writ of Coram Nobis under the All Writs Act," along with a petition for a writ of error coram nobis in the District Court in August 2010. He claimed that two police officers involved in his case fabricated evidence against him and gave perjured testimony. He based his claim on news reports that the officers were indicted in 2007 on charges related to the handling of property seized by the local drug task force, including tampering with public records and perjury. Rhines contended that the prosecution "suppressed" the pending criminal cases against the officers, which would have "exculpated" him, and that his trial counsel was ineffective for failing to discover that these officers were under indictment. The District Court dismissed Rhines' petition because he presented no basis for extraordinary relief, holding that coram nobis relief is not available to a petitioner who remains in custody and that the error Rhines complained of was not of the type within the ambit of the writ.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review de novo legal issues arising from the denial of coram nobis relief. *See, e.g.*, *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001). If no substantial question is presented by this appeal, we may summarily affirm the District Court's order on any ground supported by the record. *See* 3d Cir. L.A.R. 27.4; IOP 10.6; *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Coram nobis is an extraordinary remedy that "has traditionally been used to attack [federal] convictions with continuing consequences when the petitioner is no longer 'in custody' for purposes of 28 U.S.C. § 2255." *United States v. Baptiste*, 223 F.3d 188, 189 (3d Cir. 2000) (per curiam). A court's jurisdiction to grant such relief is of limited scope, and the standard for obtaining it is more stringent than that applicable on direct appeal or in habeas corpus. *See United States v. Stoneman*, 870 F.2d 102, 106 (3d Cir. 1989). Errors which could be remedied by a new trial do not usually come within the writ. *Id.* Rather, the error must be fundamental and "go to the jurisdiction of the trial court, thus rendering the trial itself invalid." *Id.* When an alternative remedy is available, a writ of error coram nobis may not issue. *See United States v. Denedo*, 129 S.Ct. 2213, 2220 (2009).

We agree that Rhines is not entitled to coram nobis relief. First, Rhines is still in prison, whereas coram nobis is usually reserved for situations where the petitioner is no longer serving his sentence or "in custody." *See Baptiste*, 223 F.3d at 189. Rhines contends that being "in custody" is not a "categorical preclusion" to coram nobis, relying on two decisions where coram nobis relief was granted to prisoners. *See United States v. Dawes*, 895 F.2d 1581 (10th Cir. 1990); *Bruce v. Ebert*, No. 10-cv-00269, 2010 U.S. Dist. LEXIS 112782 (W.D. Va. Oct. 21, 2010).[1] These decisions are not binding upon us

---

[1] We also note that coram nobis relief was granted in *Bruce v. Ebert* on account of unique circumstances not present in Rhines' case. Bruce filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the district court for the district in which he was incarcerated (M.D. Pa.). That court transferred the habeas petition to the district court

and have no bearing upon the standard in this Circuit that writs of error coram nobis are generally not available to those "in custody." *See*, *e.g.*, *Stoneman*, 870 F.2d at 105-06.

We also agree that Rhines has not asserted a fundamental error that rendered his trial invalid. He claims that he was denied the opportunity to impeach the officers with the fact of their indictment and that his counsel was ineffective for failing to discover this. The officers were indicted about five years after Rhines' trial and, to the extent we can discern from the material Rhines submitted, for actions apparently unrelated to Rhines' case. Rhines has offered nothing but speculation that the 2007 charges against the officers prove that they fabricated evidence and gave perjured testimony at his trial or that impeachment would have resulted in a "not guilty" verdict despite the other evidence against him. Furthermore, we note that Rhines has already attempted to raise these claims in a second motion under 28 U.S.C. § 2255, which we denied him authorization to file (C.A. 10-2438). Rhines may not resort to a writ of error coram nobis simply because he cannot meet the standards for filing a second or successive § 2255 motion. *See Baptiste*, 223 F.3d at 189-90.

There being no substantial question presented by Rhines' appeal, we will summarily affirm the District Court's order. *See* 3d Cir. L.A.R. 27.4; IOP 10.6.

---

that sentenced him (W.D. Va.) because Bruce was challenging the validity of his conviction. The sentencing court concluded that Bruce was entitled to § 2241 relief for one of his convictions, but the court could not grant the relief pursuant to § 2241 because the warden of the prison in which Bruce was incarcerated was outside the jurisdiction of the court. The court therefore resorted to a writ of error coram nobis to grant Bruce his remedy. *See* 2010 U.S. Dist. LEXIS 112782, at *2-3, *12-15.