ALD-251                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2310
_____

IN RE:  ARTHUR D'AMARIO, III,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civ. No. 09-cv-5468)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 28, 2011
Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed : August 18, 2011)
_____

OPINION
_____

PER CURIAM

On May 11, 2011, Arthur D'Amario, III, filed this pro se petition for a writ of

mandamus, seeking to compel the disqualification of Judge Paul S. Diamond, who,

pursuant 28 U.S.C. § 292(b), is presiding over D'Amario's collateral attack proceedings

in the United States District Court for the District of New Jersey.[1]  D'Amario also

_____

[1]  Although D'Amario filed this mandamus petition in May 2011, he did not pay
the associated filing fee, and he did not move to proceed in forma pauperis until mid-
July.  That motion was granted on July 19, 2011.

requests that we "order [his] immediate release." For the reasons given below, we decline to take either course of action. The mandamus petition will be denied.

## I.

D'Amario filed pro se motions under Fed. R. Crim. P. 33(a) and 28 U.S.C. § 2255 to challenge his December 2006 conviction for violation of 18 U.S.C. § 115. D'Amario raised twenty-six grounds for relief. After the Government filed its answer, D'Amario requested that counsel be appointed. By order dated May 3, 2010, Judge Diamond appointed attorney Gil Scutti to represent D'Amario. Judge Diamond then denied D'Amario's pro se Rule 33(a) and § 2255 motions without prejudice to his right to file those motions anew with the assistance of appointed counsel.

Scutti, on behalf of D'Amario, adopted and filed a supplement to D'Amario's two primary motions. The Government filed a brief in response, and Scutti filed a reply. Scutti also moved for D'Amario's "immediate release" pending disposition of the § 2255 proceeding. By order dated May 17, 2011, Judge Diamond denied the motion for immediate release and denied D'Amario's pro se recusal motion. On June 21, 2011, a hearing was held on D'Amario's applications. Judge Diamond permitted the parties thirty days, following receipt of the hearing's transcript, to file proposed findings of fact and conclusions of law. The parties were permitted thirty days after that to file "memoranda in rebuttal." By our account, D'Amario's collateral attack proceedings are moving along at an appropriate pace.

## II.

2

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A mandamus petitioner must demonstrate the following three requirements before a court can consider whether to issue the writ: "(1) no other adequate means exist to attain the relief he desires, (2) [his] right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, --- U.S. ---, 130 S. Ct. 705, 710 (2010) (per curiam) (citation and internal quotations marks omitted). In addition, we have stated that "[m]andamus is a proper means for this court to review a district court judge's refusal to recuse from a case pursuant to 28 U.S.C. § 455(a), where the judge's impartiality might reasonably be questioned." Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993).

### III.

As noted at the outset, with his mandamus petition D'Amario requests that this Court both "remove" Judge Diamond and "order [D'Amario's] immediate release."[2] Judge Diamond denied substantively similar requests in his May 11, 2011 order.

Because an order denying bail or interim release can be appealed prior to the

---

[2] D'Amario also complains in passing that he "commenced the action 10/19/09, and the judge has declined to adjudicate it." The complaint is unfounded. As our recitation of its procedural history should indicate, D'Amario's case is progressing and we have no doubt that a resolution will be arrived at in due course. Cf. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996) (noting our concern with the district court's four months of inaction, but denying the mandamus petition because the adjudicatory delay did "not yet rise to the level of a denial of due process").

culmination of collateral attack proceedings, see, e.g., United States v. Smith, 835 F.2d 1048 (3d Cir. 1987); United States v. Swann, 194 F.3d 1307 (4th Cir. 1999), it cannot be said that D'Amario has no other recourse save mandamus. It is well-settled that the writ is not to be used as a substitute for the regular appeals process. Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 380-81 (2004).

Furthermore, D'Amario's request for disqualification of Judge Diamond, supported only by a litany of pejoratives[3], is insufficient to demonstrate that "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonable be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004); see also Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Therefore, D'Amario's right to relief in that regard is not "clear and indisputable."

Accordingly, D'Amario's petition for a writ of mandamus will be denied.

---

[3] D'Amario states that he "just obtained BOP documents under FOIA," which reveal that Judge Diamond "asked the NJ Secret Service to indict me on a specious charge of 'threatening' him." But D'Amario did not attach the purported BOP documents.

4