**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1441
_____

LOUIS HYMAN,

Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-10-cv-05464)
District Judge:  Honorable Garrett E. Brown Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 9, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed: September 12, 2011)
_____

OPINION
_____

PER CURIAM.

        Louis Hyman, an inmate at the Federal Correctional Institution in Fort Dix,

New Jersey, appeals the District Court's order denying his petition for a writ of coram

nobis.  After Hyman filed his brief, the government filed a motion for summary

affirmance.  For the reasons discussed below, we will grant the government's motion and

summarily affirm the District Court's order.[1]

In February 2003, Hyman pleaded guilty in the District Court to firearms charges, and was sentenced to 176 months' imprisonment. Hyman did not appeal that judgment. In 2007, however, he began to file a flurry of documents in the District Court attacking his conviction and sentence. In July 2007, he filed a motion under 28 U.S.C. § 2255. The District Court denied the motion as time-barred, and we refused to issue a certificate of appealability (COA). Hyman then challenged his sentence under the All Writs Act, 28 U.S.C. § 1651, by filing a petition for a writ of audita querela. The District Court denied the petition, and we affirmed. Hyman next filed another motion under § 2255; the District Court again denied the motion, and we denied Hyman's request for a COA.

In October 2010, Hyman filed the petition for coram nobis that is at issue here. He claimed that his counsel had provided ineffective assistance throughout his criminal proceedings. The District Court denied the petition, concluding that insofar as Hyman wished to present his ineffective-assistance-of-counsel claim, he was required to proceed under § 2255. Hyman then filed a timely notice of appeal to this Court.

We agree with the District Court's disposition of this case. Coram nobis is an extraordinary remedy that "has traditionally been used to attack [federal] convictions with continuing consequences when the petitioner is no longer 'in custody' for purposes

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise de novo review over legal issues arising from the denial of coram nobis relief. United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam).

of 28 U.S.C. § 2255." United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000) (per curiam). The writ is available only to address errors that are "fundamental and go to the jurisdiction of the trial court, thus rendering the trial itself invalid." Rhines, 640 F.3d at 71 (internal quotation marks omitted). "Another limit, of course, is that an extraordinary remedy may not issue when alternative remedies, such as habeas corpus, are available." United States v. Denedo, 129 S. Ct. 2213, 2220 (2009).

Here, coram nobis relief is not available to Hyman because he remains in custody. See Baptiste, 223 F.3d at 189. It is of no moment that the Antiterrorism and Effective Death Penalty Act (AEDPA) limits Hyman's right to prosecute a second or successive habeas motion, see § 2255(h); "the procedural barriers erected by AEDPA are not sufficient to enable a petitioner to resort to coram nobis merely because he/she is unable to meet AEDPA's gatekeeping requirements." Baptiste, 223 F.3d at 189-90. Accordingly, the District Court was correct to deny Hyman's motion, and we will grant the government's motion for summary affirmance and will affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.