DLD-277                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2108
_____

IN RE:  ARTHUR D'AMARIO III,
                                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to  D.N.J. Crim. No. 06-cr-00112-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 12, 2014
Before:  SMITH, HARDIMAN and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 19, 2014)
_____

OPINION
_____

PER CURIAM

 Arthur D'Amario III has filed a petition for a writ of mandamus, asking for the

following relief:  (1) "For the forced recusal of Judge Paul S. Diamond from <u>U.S. v.</u>

<u>D'Amario</u>, No. CR 6-112-PSD (D/NJ), due to bias, judicial fraud and criminality"; (2)

"For the release of Petitioner from a false imprisonment"; and (3) "That this Court place

Judge Diamond under arrest and subject him to a comprehensive inpatient mental

evaluation."  Because D'Amario's requests are either frivolous or not properly brought in

a petition for a writ of mandamus, we will deny the petition.

As to his first request, while mandamus is available to review a district court's refusal to recuse pursuant to 28 U.S.C. § 455(a), see Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993), D'Amario's request is baseless. We see nothing in the record that would give us reason to question the District Court's impartiality. As to his second, mandamus is not a proper means for seeking release from imprisonment, as mandamus cannot serve as a substitute for an appeal. See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996). Indeed, D'Amario's appeal from the revocation of his supervised release is currently pending. See C.A. No. 13-3515. Finally, D'Amario's third request, which is in any event frivolous, is not properly brought in a petition for a writ of mandamus. See In re McBryde, 117 F.3d 208, 220 n.7 (5th Cir. 1997).[1]

For the foregoing reasons, we will deny the petition for a writ of mandamus.

---

[1] In his supplement, D'Amario states that previous failures to release him to his mother as part of his supervised release "warrant[] a full criminal investigation by the Circuit." Courts of appeals do not undertake criminal investigations. While a district court has jurisdiction under 28 U.S.C. § 1361 to issue a writ "to compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff," the writ may issue only for "a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). Initiation of a criminal investigation is a discretionary act and thus not the proper subject of a mandamus request. See, e.g., Jafree v. Barber, 689 F.2d 640, 643 (7th Cir. 1982).