CLD-377                                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1043
_____

ARTHUR D'AMARIO, III,
                                            Appellant
v.

U.S. ATTORNEY GENERAL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-15-cv-03793)
District Judge:  Honorable Timothy J. Savage
_____

Submitted on Motions to Reopen and to Proceed In Forma Pauperis, and
for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 11, 2016

Before: FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 29, 2016)
_____

OPINION[*]
_____

PER CURIAM

        Arthur D'Amario, III, appealed from an order of the United States District Court

for the District of New Jersey, which denied his petition for a writ of error coram nobis

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

and/or for a writ of audita querela. His appeal was dismissed for failure to pay the filing fee. D'Amario has now filed a motion to proceed in forma pauperis ("IFP") and a motion to reopen the appeal. We hereby reopen the appeal and grant his motion to proceed IFP. Because no substantial question is raised by this appeal, we will summarily affirm the District Court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6.[1]

In his petition, D'Amario once again was attempting to challenge his two convictions for threatening federal judges. First, he claimed that he had new evidence from an unidentified person he knew in jail in 1999 that D'Amario's trial attorney was an FBI informant. Second, he claimed that he had new evidence by way of an opinion authored by Judge Irenas in 2003. Third, he sought to rely on Elonis v. United States, 135 S. Ct. 2001 (2015), to claim that the trial court gave improper jury instructions. We agree with the District Court that D'Amario could not raise these claims via a petition for a writ of error coram nobis or a petition for a writ of audita querela.[2]

---

constitute binding precedent.

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise de novo review over legal issues arising from the denial of coram nobis and audita querela relief. See United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam); United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam). No certificate of appealability is necessary for this appeal. See United States v. Baptiste, 223 F.3d 188, 189 n.1 (3d Cir. 2000) (per curiam).

[2] We recently denied D'Amario authorization to file a second or successive § 2255 motion raising these same claims. See In re: Arthur D'Amario, III, C.A. No. 15-3462 (order entered Nov. 17, 2015).

Coram nobis is an extraordinary remedy that "has traditionally been used to attack [federal] convictions with continuing consequences when the petitioner is no longer 'in custody' for purposes of 28 U.S.C. § 2255."[3]  Baptiste, 223 F.3d at 189.  The writ is available only to address errors that are "fundamental and go to the jurisdiction of the trial court, thus rendering the trial itself invalid."  Rhines, 640 F.3d at 71 (internal quotation marks omitted).  Here, D'Amario seeks to raise claims (improper jury instructions, the motivations of his attorney) that could have been raised in a motion pursuant to 28 U.S.C. § 2255.  See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam) (§ 2255 is presumptive means of challenging federal conviction or sentence); United States v. Denedo, 556 U.S. 904, 911 (2009) ("Another limit, of course, is that an extraordinary remedy may not issue when alternative remedies, such as habeas corpus, are available.").  As D'Amario's claims are not the type that "render the trial itself invalid," the District Court properly declined to consider coram nobis relief.

Audita querela is similarly an extraordinary remedy that may be available to fill gaps in the current system of post-conviction relief.  Massey, 581 F.3d at 174.  But because D'Amario's claims could have been brought in a § 2255 motion, we agree with the District Court that here there are "no gaps to fill."  Thus, the District Court properly declined to consider audita querela relief.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[3] D'Amario has completed his sentences.