BLD-013                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2454
_____

MICHAEL J. BENT,
                              Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3-17-cv-03217)
District Judge:  Honorable Brian R. Martinotti
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P 10.6
October 18, 2018

Before:  AMBRO, VANASKIE and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 29, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Michael Bent, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey denying his petition for a writ of error coram nobis. For the reasons that follow, we will affirm the judgment of the District Court.

Bent pleaded guilty to making and subscribing a false 1988 income tax return in violation of 26 U.S.C. § 7206(1). In 1999, he was sentenced to three years of probation, a $5,000 fine, and a $50 special assessment. He did not file a direct appeal. In 2003, the District Court denied a motion by Bent to vacate an order denying his motion to suppress evidence. In 2005, the District Court denied his motion for a refund of the payment of the fine and special assessment.

Almost twelve years later, in 2017, Bent filed a motion to vacate, correct, and expunge his conviction based on a civil audit conducted after he was sentenced in which the Internal Revenue Service concluded that no changes to his 1988 tax return were required. Because Bent had served his sentence, the District Court issued an order stating that it would consider the motion as a petition for a writ of error coram nobis. Bent filed amendments to his petition alleging misconduct in the investigation leading to his conviction. He also sought discovery. The District Court denied relief and this appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo legal issues arising from the denial of coram nobis relief. United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam).

2

Coram nobis "'has traditionally been used to attack [federal] convictions with continuing consequences when the petitioner is no longer 'in custody' for purposes of 28 U.S.C. § 2255.'"  Rhines, 640 F.3d at 71 (citation omitted).  This extraordinary remedy is appropriate to correct fundamental errors for which there was no remedy available at the time of trial and where "sound reasons" exist for failing to seek relief sooner.  United States v. Stoneman, 870 F.2d 102, 106 (3d Cir. 1989) (quoting United States v. Morgan, 346 U.S. 502, 512 (1954)).

We agree with the District Court that, assuming Bent is suffering continuing consequences as a result of his conviction, he did not establish reasons for failing to seek relief sooner.  The civil audit concluded in 1999.  Bent sought a refund of his fine and assessment based on the audit and alleged investigative misconduct well over a decade ago in 2004.  In addition, Bent's misconduct allegations are unclear and, as the District Court noted, he has not adequately explained what necessary new information he has received that he was unable to obtain earlier.

Accordingly, because this appeal does not raise a substantial question, we will affirm the judgment of the District Court.