DLD-196                                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2055
_____

IN RE:  ARTHUR D'AMARIO, III,
                                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1-18-cv-10552)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 23, 2019
Before:  JORDAN, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed: August 22, 2019)
_____

OPINION[*]
_____

PER CURIAM

Arthur D'Amario, III, petitions for a writ of mandamus.  We will deny his petition.

D'Amario has a long history of unsuccessfully challenging his criminal

convictions, including two convictions for threatening federal judges in violation of 18

U.S.C. § 115(a)(1)(B).  D'Amario's challenges have continued even though he completed

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

his most recent sentence in 2014. In 2015, for example, he filed both (1) an application under 28 U.S.C. § 2244 for leave to file a successive motion under 28 U.S.C. § 2255, and (2) a petition for a writ of error coram nobis and/or a writ of audita querela. He argued, among other things, that his convictions under § 115(a)(1)(B) are invalid following Elonis v. United States, 135 S. Ct. 2001 (2015). We denied D'Amario's § 2244 application, in part because he no longer was in custody. (C.A. No. 15-3462, Nov. 17, 2015). We also affirmed the denial of his coram nobis/audita querela petition. See D'Amario v. U.S. Att'y Gen., 668 F. App'x 406, 407 (3d Cir. 2016) (per curiam).

D'Amario later raised his challenge under Elonis again in a habeas petition under 28 U.S.C. § 2241. That petition remains pending in the District Court. Our Chief Judge designated the Honorable Paul S. Diamond to preside over that petition. D'Amario, who also has a long history of unsuccessfully seeking Judge Diamond's disqualification,[1] filed below a motion for assignment to a different District Judge. That motion remains pending as well.

D'Amario now has filed another mandamus petition asking us to (1) remove Judge Diamond from this case, and (2) order a replacement judge to adjudicate his habeas petition "forthwith." We deny those requests. Mandamus is an extraordinary remedy that we have the discretion to grant only when, among other things, "there is no other adequate means to obtain the desired relief." In re Kensington Int'l Ltd., 353 F.3d 211,

---

[1] See, e.g., In re D'Amario, 570 F. App'x 111, 111 (3d Cir. 2014) (per curiam) (denying mandamus petition); In re D'Amario, 442 F. App'x 657, 659 (3d Cir. 2011) (per curiam)

219 (3d Cir. 2003) (quotation marks omitted).  Thus, we have held that "[m]andamus is a proper means for this court to review a district court judge's refusal to recuse from a case pursuant to 28 U.S.C. § 455(a)."  Id. at 219 (emphasis added) (quotation marks omitted). When the District Judge has yet to refuse a request for recusal, however, it cannot be said that a petitioner has no recourse but to seek the extraordinary remedy of mandamus from this Court.  See id. at 223-24.

In this case, D'Amario's motion in the District Court effectively seeks Judge Diamond's recusal, and it remains pending before Judge Diamond.  Thus, review of this issue by mandamus is premature.  In so ruling, we do not suggest that review by mandamus would be appropriate if Judge Diamond were to deny D'Amario's motion.  To the contrary, the arguments for recusal that D'Amario raises in his mandamus petition appear little different than those we repeatedly have rejected.  Nevertheless, it would be premature for us to decide that issue now and we decline to do so.

D'Amario does not expressly request an order requiring Judge Diamond to rule on his motion.  Even if his mandamus petition could be construed to request that relief, however, we would deny it.  D'Amario filed his motion for reassignment on January 15, 2019.  Although some time has passed since then, any delay in ruling on the motion does not yet amount to a failure to exercise jurisdiction.  See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  We are confident that Judge Diamond will rule on D'Amario's motion in due course.  Finally, without any basis to order Judge Diamond's disqualification,

_____

(same); In re D'Amario, 367 F. App'x 355, 356 (3d Cir. 2010) (per curiam) (same).

there is no basis to order a replacement judge to rule on D'Amario's habeas petition forthwith.

For these reasons, we will deny D'Amario's mandamus petition.