CLD-191                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3744
_____

MICHAEL PALERMO,
                                                       Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:18-cv-05404)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 16, 2019

Before: CHAGARES, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 10, 2019)

_____

OPINION[*]
_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Michael Palermo appeals pro se from the District Court's order denying his petition for a writ of error coram nobis. For the reasons that follow, we will summarily affirm that order.

I.

In 2010, Palermo pleaded guilty in the District Court to one count of mail fraud. At the guilty-plea hearing, Palermo admitted to the factual allegations undergirding that count. Before sentencing, he submitted a "Statement of Offense Conduct/Acceptance of Responsibility" to the District Court, again admitting his guilt. And at the sentencing hearing, he stated that he "deeply regret[ted] [his] actions in this matter." (N.T. in Dist. Ct. Case No. 2:10-cr-00482-001, Feb. 9, 2011, at 5.) The District Court sentenced Palermo to three years of probation and ordered him to pay $10,000 in restitution, a $2000 fine, and a $100 special assessment. He did not appeal from that judgment; nor did he collaterally attack it pursuant to 28 U.S.C. § 2255.

In April 2018, several years after Palermo completed his sentence, he filed a pro se coram nobis petition in the District Court, seeking to vacate his guilty plea and conviction. Palermo alleged that he had recently learned that the FBI's "Supervisory Special Agent in charge of the Public Corruption squad" and the agents who were involved in his (Palermo's) case had been investigated for falsifying and/or modifying FD-302 forms. (Coram Nobis Pet. 2.)[1] Although Palermo did not submit any evidence

_____

[1] "After FBI agents conduct a formal interview, they incorporate [] their handwritten notes into a more complete report of the interview on the FBI's Interview Report Form

2

with his petition (let alone evidence specifically showing that one or more FD-302 forms in *his* case had been falsified or modified), he nevertheless claimed that "his plea of guilty was induced by fraudulent 302s generated by the case agent." (Mem. in Supp. of Coram Nobis Pet. 2.)

The Government opposed Palermo's petition, and he countered with a four-page "Declaration in Reply." In December 2018, the District Court denied the petition, concluding that "there is no reason to vacate the sentence and judgment." (Dist. Ct. Order entered Dec. 4, 2018, at 3.) This timely appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2] We review de novo any legal issues arising from the District Court's denial of coram nobis relief, see United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam), and we may take summary action if this appeal fails to raise a substantial question, see 3d Cir. I.O.P. 10.6.

Coram nobis is an "extraordinary" remedy that "has traditionally been used to attack [federal] convictions with continuing consequences when the petitioner is no longer 'in custody' for purposes of 28 U.S.C. § 2255." Baptiste, 223 F.3d at 189. A court's jurisdiction to grant coram nobis "is of limited scope," for the petitioner must show, inter alia, that the error is "fundamental and go[es] to the jurisdiction of the trial

FD-302, known colloquially as a '302.'" United States v. Lloyd, 807 F.3d 1128, 1158 n.11 (9th Cir. 2015) (alteration in original) (certain internal quotation marks omitted).

[2] Palermo does not need a certificate of appealability to proceed with this appeal. See United States v. Baptiste, 223 F.3d 188, 189 n.1 (3d Cir. 2000) (per curiam).

3

court, thus rendering the [criminal proceeding] itself invalid." Rhines, 640 F.3d at 71

(internal quotation marks omitted); see United States v. Osser, 864 F.2d 1056, 1059 (3d

Cir. 1988) (indicating that the outcome of the criminal proceeding in question is

presumed to be correct, and that the petitioner bears the burden to show otherwise).

Coram nobis "will be granted only when circumstances compel such action 'to achieve

justice.'" Id. (quoting United States v. Cariola, 323 F.2d 180, 184 (3d Cir. 1963)). Both

the Supreme Court and our Court have remarked that "it is difficult to conceive of a

situation in a federal criminal case today where a writ of coram nobis would be necessary

or appropriate." Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012) (quoting

Carlisle v. United States, 517 U.S. 416, 429 (1996)).

In this case, the District Court did not err in denying Palermo's coram nobis petition. He failed to show that any FD-302 forms had been falsified or modified in his case, and he admitted his guilt on multiple occasions during his criminal proceedings. In short, the extraordinary circumstances that justify coram nobis relief are simply not present here. Because this appeal does not raise a substantial question, we will summarily affirm the District Court's judgment.