CLD-073                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2655
_____

UNITED STATES OF AMERICA

v.

BERNARD ROTTSCHAEFER,
                                                             Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-03-cr-00162-001)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 19, 2019
Before:  JORDAN, KRAUSE and MATEY, Circuit Judges

(Opinion filed January 3, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Bernard Rottschaefer appeals the District Court's order denying his petition for a writ of coram nobis. For the reasons below, we will summarily affirm the District Court's order.

The procedural history of Rottschaefer's criminal proceedings and the details of his arguments are known to the parties, set forth in the District Court's memorandum, and need not be discussed at length. Briefly, in 2004, Rottschaefer was convicted by a jury sitting in the District Court for the Western District of Pennsylvania of 153 counts of unlawful distribution of controlled substances. The District Court denied his motion for a new trial, and we affirmed his conviction on direct appeal. Rottschaefer then filed another unsuccessful motion for a new trial and motion pursuant to 28 U.S.C. § 2255.

In November 2017, Rottschaefer filed a pro se petition for a writ of coram nobis. The District Court denied the petition, and Rottschaefer filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise de novo review over legal issues arising from the denial of coram nobis relief. See United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam). We may take summary action if an appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

A writ of coram nobis is available to challenge an invalid conviction with continuing consequences when the petitioner is no longer in custody. Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012). However, such relief is only available for

2

errors for which there was no remedy at the time of trial. Id. The error alleged must be fundamental, i.e., one that undermines the jurisdiction of the trial court and invalidates the trial. Rhines, 640 F.3d at 71. In addition, sound reasons must exist for the petitioner's failure to seek relief earlier. Mendoza, 690 F.3d at 159. The Supreme Court has noted, "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal alteration omitted).

Rottschaefer is no longer in custody. Assuming arguendo that there are continuing consequences, we agree with the District Court that he has not alleged a fundamental error that would entitle him to coram nobis relief. In his petition, Rottschaefer challenges, inter alia, the qualifications of an expert witness and credibility of the Government's witnesses and argues that the prosecution withheld and deleted documents.[1] He admits that he included arguments in his coram nobis petition that were previously presented but that he believed were not adequately addressed. Rottschaefer has not alleged a fundamental error that goes to the validity of the trial; rather, he simply seeks to challenge nearly every piece of evidence that established his guilt.

---

[1] Rottschaefer admits that he identified the alleged deletions of exculpatory material *before* trial. He asserts that he subsequently received thousands of pages of patient records during litigation of a civil lawsuit. These records were the basis for his second unsuccessful motion for a new trial. See United States v. Rottschaefer, 264 F. App'x 234 (3d Cir. 2008). In his counseled § 2255 motion, Rottschaefer argued that the Government failed to disclose treatment records of the patients who were witnesses against him. Counsel withdrew this claim at the evidentiary hearing on the motion,

Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. LAR 27.4. For the reasons set forth above, as well as those set forth by the District Court, we will summarily affirm the District Court's July 11, 2019 judgment. See 3d Cir. I.O.P. 10.6. Rottschaefer's motions are denied.

---

noting that he was satisfied that the Government had produced everything it had.