BLD-160                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2961
_____

UNITED STATES OF AMERICA

v.

EDWARD M. ZINNER,
                                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 95-cr-00048-001)
District Judge:  Honorable John R. Padova

_____

Submitted on the Government's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 22, 2021
Before:  AMBRO, SHWARTZ, and PORTER, Circuit Judges

(Opinion filed:  April 27, 2021)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Edward Zinner appeals from the District Court's order denying his petition for a writ of coram nobis. After Zinner filed a pro se brief, the Government filed a motion for summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's order.

The procedural history of this case and the details of Zinner's claims are well known to the parties and need not be discussed at length. In 1995, Zinner pleaded guilty to racketeering and was sentenced to 68 months in prison.[1] After filing an unsuccessful § 2255 motion, he filed a motion pursuant to Fed. R. Civ. P. 60(b), alleging that his counsel acted under a conflict of interest and misled him into pleading guilty. The District Court denied the motion after holding an evidentiary hearing. See United States v. Zinner, Crim. No. 95-0048, 1998 WL 57522, at *2 (E.D. Pa. Feb. 9, 1998).

Over twenty years later, in 2019, Zinner filed another Rule 60(b) motion based on the same allegations. The District Court denied the motion, and we denied his request for a certificate of appealability. See C.A. No. 19-2839. In August 2020, he filed a pro se petition for a writ of coram nobis, alleging yet again that counsel had a conflict of interest. The District Court denied the petition, and Zinner filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise de novo review over legal issues arising from the denial of coram nobis relief. See United States v.

---

[1] Zinner is no longer in custody on the conviction at issue. He is currently serving a sentence of 120 months in federal prison after pleading guilty to financial crimes. See United States v. Zinner, Crim. No. 17-cr-00003 (E.D. Va. Apr. 18, 2018).

Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam).  We may take summary action if an appeal fails to present a substantial question.  See 3d Cir. I.O.P. 10.6.

A petitioner seeking a writ of coram nobis must, inter alia, assert an error of a fundamental kind that had no remedy at the time of the criminal proceeding.  Ragbir v. United States, 950 F.3d 54, 62 (3d Cir. 2020).  A fundamental error is one that undermines the jurisdiction of the trial court and invalidates the proceeding.  Id. at 63. The Supreme Court has noted, "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal alteration and quotation marks omitted).

Zinner has not alleged a fundamental error that would entitle him to coram nobis relief.  In his petition, he asserts that his defense counsel had a conflict of interest with respect to Zinner's guilty plea.  This alleged error does not undermine the jurisdiction of the trial court or invalidate his criminal proceedings.  Moreover, as noted above, the District Court held an evidentiary hearing addressing these allegations in 1998, and we recently denied Zinner a certificate of appealability to appeal the denial of a Rule 60(b) motion raising these same allegations.  See C.A No. 19-2839.

Summary action is appropriate if there is no substantial question presented in the appeal.  See 3d Cir. LAR 27.4.  For the reasons set forth above, we grant the Government's motion for summary action and will summarily affirm the District Court's September 16, 2020 order.  See 3d Cir. I.O.P. 10.6.  The Government's motion to be excused from filing a brief is denied as moot.

3