**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1612
_____

UNITED STATES OF AMERICA

v.

DAMON TODD CAREY,
                          Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:08-cr-00435-001)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 3, 2025
Before:  KRAUSE, RESTREPO, and PORTER, <u>Circuit Judges</u>

(Opinion filed November 14, 2025)
_____

OPINION[*]
_____

PER CURIAM

     Pro se Appellant Damon Todd Carey appeals from the District Court's denial of

his petition for writ of error coram nobis. For the following reasons, we will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In December 2008, a grand jury returned an indictment against Carey. Count II of that indictment charged Carey with distribution and possession with intent to distribute at least 50 grams of cocaine base from September 1, 2007, to March 8, 2008. Carey pleaded guilty to Count II. He received a sentence of 120-months imprisonment. Carey did not file a direct appeal.

In 2014, Carey filed a "motion for relief" in the District Court relying on Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6). In that motion, Carey argued that the District Court lacked jurisdiction to convict him because he was a juvenile during the time period stated in the indictment in Count II. The District Court determined that Carey's "motion for relief" was untimely. Additionally, with respect to Carey's claim that the District Court lacked jurisdiction to convict him as he was a juvenile, the District Court explained that while Carey's birthdate was October 23, 1989, the actual dates giving rise to his conviction in Count II occurred in February and March 2008, when Carey was 18 years old. Carey appealed the District Court's denial of his "motion for relief." Construing Carey's "motion for relief" effectively as a 28 U.S.C. § 2255 motion, this Court denied a certificate of appealability due to its untimeliness.

In 2023, Carey filed a petition for writ of error coram nobis. In that petition, Carey again argued that he was entitled to relief because the District Court lacked jurisdiction to convict him on Count II as he was a juvenile during dates listed in the indictment. The District Court denied the coram nobis petition, again noting that the dates relevant to Carey's conviction under Count II occurred in February and March 2008, when he was already an adult. Carey appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We exercise de novo review over the District Court's denial of Carey's coram nobis petition. See United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam).

"A writ of error coram nobis is an 'extraordinary remedy' that may only be issued in the most limited of circumstances." United States v. De Castro, 49 F.4th 836, 842 (3d Cir. 2022) (citing United States v. Denedo, 556 U.S. 904, 911 (2009)). To obtain coram nobis relief, all of the following elements must be met: "'the petitioner (1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid convictions; (3) provides sound reasons for failing to seek relief earlier; (4) had no available remedy at the time of trial; and (5) asserted error(s) of a fundamental kind.'" Id. (quoting United States v. Ragbir, 950 F.3d 54, 62 (3d Cir. 2020)).

The government concedes that Carey satisfied the first two elements.[2] However, Carey failed to provide any sound reason for failing to seek relief earlier and failed to show he had no available remedy at the time of his plea and conviction. Indeed, he previously raised an identical claim in his 2014 motion. The extraordinary remedy of coram nobis relief was therefore not warranted under these circumstances.

For the foregoing reasons, the District Court's judgment will be affirmed.

---

[1] Our Clerk initially notified the parties that this case was subject to possible dismissal due to a lack of jurisdiction due to the untimeliness of Carey's notice of appeal. However, on June 16, 2025, the District Court granted Carey's request to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). Accordingly, this appeal is timely.

[2] Carey is once again incarcerated, but for a subsequent conviction unrelated to the relief he seeks in this coram nobis petition.