**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3543
_____

IN RE: ELIJAH LEE,
                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 2:22-cr-00174-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 29, 2026

Before:  RESTREPO. PORTER, and MONTGOMGERY-REEVES, *Circuit Judges*

(Opinion filed: February 19, 2026)
_____

OPINION[*]
_____

PER CURIAM

    Elijah Lee is facing two federal drug charges. After his counseled motion to

suppress was denied by the District Judge, Lee filed in this Court a pro se "notice and

demand" containing a "rebuttal of verified complaint and proofs of claims." Doc. 1-1 at

1.[1] We have construed this filing as a petition for a writ of mandamus because in it Lee

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

mainly seeks disqualification of the District Judge. *See* 28 U.S.C. § 455(a); *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 163 (3d Cir. 1993). Insofar as Lee seeks such relief, the petition is denied, as the record reveals no basis for disqualification. *Cf. SecuraComm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("[A] party's displeasure with legal rulings does not form an adequate basis for recusal."); *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989) (reasoning that recusal motions "must rest on the kind of objective facts that a reasonable person would use to evaluate whether an appearance of impropriety had been created, not on 'possibilities' and unsubstantiated allegations").[2] The petition is otherwise denied because Lee fails to show a clear right to relief. *See Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam). His argument about not having "entered a contract with any civil court," Doc. 1-1 at 1, in particular, is frivolous.

---

[1] Counsel for Lee has moved in the District Court to withdraw from representation, in part because of a breakdown in communication and because Lee "is claiming to be a Sovereign Citizen . . . not subject to the jurisdiction of this court." DC ECF No. 116.

[2] To the extent Lee might also be seeking a "writ of error coram nobis," Doc. 1-1 at 1, he does so in error, *cf. United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam) ("Coram nobis is an extraordinary remedy that 'has traditionally been used to attack federal convictions with continuing consequences when the petitioner is no longer 'in custody' for purposes of 28 U.S.C. § 2255.'") (citation omitted), and such relief is denied.