DLD-066                             **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 25-1937
_____

UNITED STATES OF AMERICA

v.

NATHANIEL COLEMAN,
also known as BOO TEE COLEMAN,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:85-cr-000195-001)
District Judge: Honorable Juan R. Sánchez

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 15, 2026

Before: RESTREPO, PORTER, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed: March 5, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Nathaniel Coleman appeals from the District Court's denial of his petition for writ of error coram nobis. The Government has filed a motion for summary affirmance. We will affirm.

In 1985, after the murder of a witness who was to testify at Coleman's trial on drug charges, Coleman was tried on charges of conspiracy through force and intimidation to cause a government witness to be unavailable to testify at a federal criminal trial, 18 U.S.C. § 241, and obstruction of justice, 18 U.S.C. § 1503. He was sentenced in 1987 to life imprisonment, and his judgment of sentence was affirmed on direct appeal. *See United States v. Coleman*, 862 F.2d 455 (3d Cir. 1988). Coleman's numerous attempts over the years to challenge the conviction and sentence were all unsuccessful. *See, e.g.*, C.A. Nos. 91-1752 (affirming denial of § 2255 motion), 99-1899 (§ 2244 application denied), 17-2764 (same). Coleman was released on parole in 2019, and in 2023, the District Court granted his motion for early termination of his supervised release.

In 2024, Coleman filed this petition for writ of error coram nobis. The petition argues that he is entitled to relief based on information he alleges he received in 1996 in response to a Freedom of Information Act (FOIA) request, from which he "learned that the government withheld exculpatory evidence during both trials including [a] fingerprints report that did not match Coleman or anyone associated with him." ECF No. 296 at 4. The District Court denied the petition. Coleman timely appealed, and the Government has moved for summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We may summarily affirm a district court's decision if the appeal fails to present a substantial question. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; *Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). We exercise de novo review over the District Court's denial of Coleman's coram nobis petition. *See United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam). "A writ of error coram nobis is an 'extraordinary remedy' that may only be issued in the most limited of circumstances." *United States v. De Castro*, 49 F.4th 836, 842 (3d Cir. 2022) (citing *United States v. Denedo*, 556 U.S. 904, 911 (2009)). To obtain coram nobis relief, all of the following elements must be met: "'the petitioner (1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid convictions; (3) provides sound reasons for failing to seek relief earlier; (4) had no available remedy at the time of trial; and (5) asserted error(s) of a fundamental kind.'" *Id.* (quoting *United States v. Ragbir*, 950 F.3d 54, 62 (3d Cir. 2020)).

The District Court correctly denied Coleman's petition. Coleman's petition is based on information he allegedly received over 25 years ago—information which he has previously used, without success, to seek authorization from this Court to file a second or successive § 2255 motion. *See* C.A. No. 99-1899. As the District Court correctly explained, Coleman "may not resort to a writ of error coram nobis simply because he cannot meet the standard for filing a second or successive § 2255 motion." *Rhines*, 640 F.3d at 72.

3

Because this appeal does not present a substantial question, we grant the Government's motion and will summarily affirm the District Court's judgment.